IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIAN MCLAREN, | : | |
|     Petitioner | : | Civil Action No. 1:08-CV-598 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| MICHAEL CHERTOFF et al., | : | |
|     Respondents | : | |

## MEMORANDUM

Before the Court is Petitioner Jian McLaren's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) For the reasons that follow, the petition will be denied.

On August 13, 2007, an Immigration Judge ordered the removal of Petitioner Jian McLaren to Jamaica. Over six months later, McLaren remains in the custody of the United States Immigration and Customs Enforcement ("ICE") pending his removal to Jamaica. On March 19, 2008, McLaren filed the instant petition for writ of habeas corpus with this Court, alleging that his continued detention by ICE violates his Fifth Amendment right to due process of law. (Doc. No. 1.)

Upon receipt of the petition,[1] the Court directed the Respondents file a response to the petition. (Doc. No. 3.) On April 18, 2008, the Respondents filed a response to the petition, along with supporting exhibits, and on April 28, 2008, McLaren filed a traverse. (Doc. Nos. 5, 6.)

In his petition, McLaren relies exclusively on Zadvydas v. Davis, 533 U.S. 678, 703 (2001), for relief. In Zadvydas, the Supreme Court held that habeas relief is available to a

---

[1] The Court received the petition on April 3, 2008.

detainee awaiting removal if "the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699. The Court further held that:

> [I]f removal is not reasonably foreseeable, [a habeas] court should hold continued detention unreasonable and no longer authorized by statute. . . . And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

Id. at 699-700. Significantly for the purposes of this case, in the interest of "uniform administration in the federal courts," the Supreme Court concluded that post-removal detention pursuant to 8 U.S.C. § 1231(a)(6) for a period of six months is presumptively reasonable, and that, "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 703.

McLaren has been detained for more than nine months, and thus under the rule announced in Zadvydas, his continued detention is no longer presumptively reasonable. Thus, McLaren bears the burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future.

When confronted with this inquiry, courts generally find that there is "no significant likelihood of removal" in four circumstances: (1) no country will accept the detainee; (2) the "detainee's country of origin refuses to issue a travel document for the detainee"; (3) no removal agreement exists between the detainee's country of origin and the United States; and (4) after several months have passed, where there is "no definitive answer from the target country . . . as to whether it would issue travel papers for [the] detainee." Nma v. Ridge, 286 F. Supp. 2d 469, 475 (E.D. Pa. 2003) (internal citations omitted). Here, McLaren argues that his case falls under

the fourth category. Specifically, he notes that ICE has made "numerous travel document (TD) requests to the [Jamaican] Consulate, but has been unsuccessful in obtaining such documents." (Pet'r's Traverse 3.) Furthermore, he claims that although ICE has been able to remove other aliens to Jamaica, in his case the Jamaican Government "refuses to issue travel documentation for [his] removal because [it has] no information in [its] database to prove [his] citizenship." (Id. at 5.)

Even accepting McLaren's assertion, the Court finds that McLaren has failed to establish that there is no significant likelihood of removal in the reasonably foreseeable future. ICE has endeavored to obtain travel documents, and now that all of the necessary documentation has been submitted to the Jamaican Consulate, it appears likely that the documents are forthcoming. That other persons have been removed to Jamaica suggests a willingness on the part of the Jamaican Government to repatriate its citizens. Cf. Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) ("Alva contends that he has contacted the Antiguan Embassy himself by letter and by telephone, and has been told verbally 'that their office was unable to retrieve documents from the government of Antigua concerning him.' Alva has produced no documentary evidence, however, from either the Antiguan Embassy or anyone connected with the Antiguan government to substantiate his contention that travel documents will not be issued in the reasonably foreseeable future, and the respondents' evidence of record indicates the contrary.").

McLaren has not provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and therefore his petition will be denied without prejudice. However, in Zadvydas, the Court counseled that "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the

'reasonably foreseeable future' conversely would have to shrink." 533 U.S. at 701. Likewise, the likelihood of removal in the reasonably foreseeable future is inversely proportional to the amount of time spent in continued detention.

On November 2, 2007, ICE stated that "there is no indication that a [travel] document will not be issued in the near future." (Doc. No. 5-2, at 21.) On February 26, 2008, ICE reaffirmed its belief and again asserted that it anticipated that a travel document would issue in the reasonably foreseeable future. (Doc. No. 5-2, at 13.) On April 2, 2008, ICE again stated that travel documents "should issue on this case." (Doc. No. 5-2, at 27.) From the record, it would appear that the date on which travel documents will issue is a moving target. But as time advances, the amount of allowable movement will diminish. In order to "ensure efficient resolution over any and all future disputes," Malkandi v. Mukasey, No. 7-1858, 2008 U.S. Dist. LEXIS 26510, at *5 (W.D. Wash. Apr. 2, 2008), the Court will retain jurisdiction over the action.

Moreover, ICE has represented that "McLaren will continue to receive regular custody reviews during his detention. Should it appear at any point that removal becomes unlikely, that detention will be reevaluated." (Doc. No. 5, at 7.) The Court will hold ICE to its word and accordingly, the Court will retain jurisdiction over this case, and require ICE to provide a status report on McLaren's removal status within sixty (60) days.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIAN MCLAREN,** | : | |
| Petitioner | : | Civil Action No. 1:08-CV-598 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **MICHAEL CHERTOFF et al.,** | : | |
| Respondents | : | |

## **ORDER**

**AND NOW**, on this 30th day of June, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the petition for writ of habeas corpus (Doc. No. 1) is **DENIED** without prejudice, upon good cause shown within ninety (90) days, to move for reconsideration if McLaren remains in the custody of Respondents. **IT IS FURTHER ORDERED THAT** Respondents shall file a status report on McLaren's removal status within sixty (60) days of this order.

        s/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania